Christian **MARTINEZ–LOPEZ,**
Petitioner,

v.

John **ASHCROFT, Attorney General of the United States,** Respondent.

No. 01–70212.

United States Court of Appeals,
Ninth Circuit.

Submitted June 28, 2001[1]

Filed June 28, 2001

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Esq. Escondido, California, for the petitioner.

Marion E. Guyton, Office of Immigration Litigation, Washington, D.C. for the respondent.

Before: O'SCANNLAIN, SILVERMAN and GOULD, Circuit Judges.

## ORDER

Pending before us is respondent's motion to dismiss this petition for review for lack of jurisdiction, pursuant to 8 U.S.C. § 1252(a)(2)(B)(i).

The Immigration Judge found petitioner removable as an alien present in the United States without being admitted or paroled, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). The Immigration Judge also denied petitioner's request for voluntary departure, pursuant to 8 U.S.C. § 1229c. Petitioner appealed to the Board of Immigration Appeals, challenging the Immigration Judge's denial of voluntary departure. The Board affirmed the Immigration Judge's decision without opinion.

We recently held in *Montero–Martinez v. Ashcroft*, 249 F.3d 1156, 1158 (9th Cir. 2001), that pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), there is no jurisdiction to review the statutory eligibility for cancellation of removal and the discretionary decision of whether to grant cancellation of removal under 8 U.S.C. § 1229b. Because section 1252(a)(2)(B)(i) also provides that there is "no jurisdiction to review any judgment regarding the granting of relief under section 1229c," this court lacks jurisdiction to review voluntary departure decisions. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Montero–Martinez*, at 1158.

Accordingly, respondent's motion to dismiss is granted.

All pending motions are denied as moot.

**THE PETITION FOR REVIEW IS DISMISSED.**